And good morning. May it please the court, I'm David Force on behalf of the appellant plaintiff Kristen Ramsey. What Kristen Ramsey seeks from this appeal is an opportunity to try her state law statutory public employee whistleblower claim before a jury, some jury, in some court. We think it would be most appropriate to try it in the Oregon court where the case was filed originally. If the court concludes that that should be up to the district court, but that the summary judgment on that claim should be set aside, then we'll roll with that punch. But there are genuine issues of material fact in this case, whether the city manager and the City of Philomath threatened discipline to Ms. Ramsey, required prior notice of disclosures to the city before she went outside the city, and discouraged, restrained, or interfered with her disclosures or attempted to do so. Every single one of those things is a violation of the Oregon Public Employer Whistleblower Act. And the appellee's brief and supplemental excerpt of record suggests that no, again, that no reasonable juror could conclude that any of these things, either threatened discipline, required prior notice, discouraged, restrained, or interfered with the disclosures. And I am delighted, in fact, that the appellee set forth in the supplemental excerpt of record the entire transcript of that tape-recorded meeting, and set forth in the red brief some more portions of it. In the red brief, for example, and this is underscoring by counsel for the appellee, it says, and this is on page six of the red brief, you can always go the next step. If I didn't respond, you can always go the next step, or ask some outside agency to come in and look at it, or go to a city counselor. Am I clear on my direction? Well, he is clear on his direction. He's saying that before she goes to an outside agency or a city counselor, she has to come to him first. That is a violation of the portion of the Whistleblower Act which says that it is an unlawful employment practice with regard to disclosures or discussions of a violation of any state law, mismanagement, or abuse of authority to subsection C of ORS 659A.203, require any employee to give notice prior to making any disclosure or engagement. Well, assuming for the moment that you're correct, does that give rise to any damages? That statute, Your Honor, under Oregon law, provides for various kinds of remedies, even if there are no economic, it's nominal damages, it's $500 or actual damages, whichever is greater. So you say that statement alone would give rise to $500 at a minimum? Yes, and it also gives rise to equitable remedies, which is reinstatement. Uh-huh. So that, in and of itself, it seems to me, is sufficient to show that it was improper. But that's not the core of your claim. Your claim is not that he insisted that she go through him with any future complaints. The core of your complaint is that because she complained about the chief, he retaliates against her later. Well, that's correct. But he threatened that, which is another subsection of the statute, in that excerpt, which the appellee suggests doesn't give you any evidence to rely upon, that a jury could rely upon to believe that he was discouraging her. Oh, I'm sorry. Is it part of your case, I mean, I don't have your complaint in front of me, but is that, did you state this as a separate part of your complaint? I did not allege the complaint, Your Honor. I only became involved in this case after the judgment. So what does the complaint complain about? It alleges, as to the Oregon whistleblower claim, that as a result of disclosing information that plaintiff reasonably believed was evidence of a violation of state law and so forth, other allegations about her belief, plaintiff's hours and benefits of work have been systematically reduced and plaintiff's job is continually threatened. This is prior to a termination. Yeah, but she's being disciplined for what she did, not because of this statement. She wasn't disciplined, Your Honor. There was no discipline reaction. Well, being discriminated against, call it what you will. Your complaint is something happened to her other than this alleged threat. Well, that's the basis of the damage complaint for lost wages, yes. And you didn't make this a separate complaint, I take it, from what you're telling me now. Not necessary, Your Honor. Well, what do you mean not necessary? If you don't complain about it, you don't get it. Well, it says that this paragraph 5, page 3 of the excerpt of record, Honor, about May 7th, Defendant Rodney Kugler contacted plaintiff. Plaintiff informed Kugler that if he had any questions, he should contact the district attorney's office. Defendant Kugler informed plaintiff that in any future situation, plaintiff was to contact the city manager first so that the city manager could complete his own investigation. That is exactly what we're alleging to be a violation of the Oregon Post. But I have to say what your complaint complains about is not that. What your complaint complains about is that as a result of her having raised a fuss about the chief and the garbage and the dumpster and taking the bicycles, Kugler decides to retaliate against her. I mean, that's the core of your state law case. Not that he says, hey, you've got to go through me in the future. That's evidence that maybe he retaliated later, but your complaint is not that he insisted that she go through him in the future. I hate to tell you what your case is, but I think that's what your complaint says. Your Honor, I'm satisfied with the fact that it may be evidence of what is alleged, but I think it's alleged in paragraph 20. It says, as a result of the conduct of defendants in each of them, and that refers all the way back to May 7th, plaintiff is entitled to reasonable attorney fees and so forth. Well, but then I think I agree with at least the implicit thrust of Judge Nuna's question. But if that's part of your claim, I don't see any damages for that. You may well have significant damages for retaliation if you can get there. Exactly. And we think that whether we get there should be up to a jury with this kind of evidence. I mean, I would suggest that you, I'm sure this panel and all the members of this court, see a lot of claims under both federal and various kinds of state statutory and common law involving employees, whether public or private. Very seldom that the conduct and the motivation of the defendant is shown in a tape-recorded statement. But we've got that, and we believe that a jury can find it compelling. Okay. I wanted to ask you what significance, if any, should we attach to the fact that the husband was on the city council and held a determinative position? At this point in time, Your Honor, I don't think you should attach any significance to it because it doesn't establish any fact beyond genuine dispute. If the case is tried, there are explanations that the jury will hear for why that happened. But I certainly don't think that the fact that the husband was a member of the city council in this day and age ought to be dispositive of a wife's case against her employer. Okay. Well, we've got a little time for rebuttal.  My name is Cecil Venish-Smith, and I represent the city of Philomath and the individual defendants Coogler and Elwer. And what I'd like to discuss first is what is and is not properly before this Court as part of the summary judgment record and the factual record upon which the Court should be relying in determining whether there is or is not a genuine dispute as to material fact. You're wanting to argue, just to short-circuit this, that everything you put in your statement of facts should be deemed admitted. Correct. And from that, you want to say that we should not be allowed to consider the fact that Mr. Coogler was made aware of her having complained about the chief. Well, it's not quite that simple. What our point is, is under the local rules, the plaintiff had a responsibility to do two things. She had a responsibility to respond to our concise statement of facts, either admitting or denying or raising a genuine dispute. And under the local rule, any failure to do so deems the concise statement of facts admitted. The other obligation she had was to prepare and submit her own separate concise statement of facts for those facts that she wished the Court to consider. She did neither of those things. In an abundance of caution, defendants did respond to facts that the plaintiff had set out in her summary, in her opposition memo, denying, admitting, et cetera. And our position with the trial court was under the local rules, these are the only facts that you should be considering. The trial court did not make any specific response to that argument, but the trial court's opinion and order where Judge Aiken set out the factual summary are only those facts which defendants offered in their concise statement. Yeah. Now, I have to say that your first argument, that because of the failure to comply with the obligation to set out in particular paragraphs denials, that doesn't help you because you didn't deny, well, you couldn't have, that Kugler knew from some independent source. You simply don't mention that one way or the other. As to your second point, that the plaintiff had an affirmative obligation to put it forward, that's a reasonable point, and I would take it more seriously if the district court had said, well, there's evidence that the plaintiff seeks to rely on, but I won't consider it because of failure to comply with the local rule. Instead, what we have is a statement by the district court that says, there is no evidence that Kugler knew. Well, there's plenty of evidence that Kugler knew. Indeed, it's the tape recording that we keep talking about. Right. And my response to that would be that the district court statement, and yes, I would have preferred that the court had been more clear. It would have made everyone's job a little easier. But what I would suggest is that what the district court was saying is that there was no evidence properly before her in the summary judgment record as set forth by the local rules, obviously. Well, does it make a difference to the ultimate disposition of this case? No, it does not. All right. If you proceed to the merits, what is your understanding of the two things? One, the retaliation, the retaliatory conduct first. What do you understand the plaintiff to be, plaintiff's theory to be as to what the retaliatory conduct was? That's a very good question, Judge Tushnet, because this case has always been about, until Mr. Forrest became involved at the court level, at the trial court level, this case was always about retaliation for specific disclosures, the use of the dumpster and the taking of the bicycles by Chief Hunt. And the retaliation that was alleged was the change of her job position, the cutting of plaintiff's hours, and the eventual elimination of plaintiff's job. This case was never about Mr. Kugler or anyone else discouraging plaintiff from making future disclosures, preventing her from going elsewhere before going to them. All these things that Mr. Forrest has raised this morning, that was never part of the case before the trial court. This was always about the change in her job and the eventual elimination of her position in retaliation for those specific disclosures. And the problem that plaintiff had with that is that the restructuring of the city's municipal police and court systems that led to the eventual elimination of her job began many, many months before the disclosures that she's claiming those came in retaliation for. In addition, many of the changes that occurred were brought about by people other than Mr. Kugler, people not working in combination with Mr. Kugler. The ultimate decision to lower her hours and to eliminate her job were made by Chief Elwer. And plaintiff has conceded that Chief Elwer had no knowledge of these disclosures until after he got the tort claim notice. Let me – I'm sorry. Go ahead. Just to follow up, are you saying that this business about the tape-recorded conversation really didn't play a significant part in the district court? It's a non-issue. It really is. We spend time on the tape-recorded conversation in the red brief primarily because we are very concerned about how the way it was presented in plaintiff's opening brief. We felt that this court was not being given an accurate description of that conversation, the contents of that conversation, and whatever inferences can be drawn from that conversation. But the fact of the matter is it's really a non-issue in terms of what plaintiff was claiming and in terms of what – whether there was any sort of causal nexus between her disclosures and the changes in her job and the ultimate elimination of her position. You say it's a non-issue, but here's why it might be thought to be a non-issue, and then I'd like to have your response. Thought to be an issue. Thought to be an issue. And then I'd like to have your response once I say it this way. The argument is she complains about the chief. She is then summoned into the office of the city manager, Kugler, and he chews her out for having done that. And the form in which he chews her out is, you should have come to me first because I would like to handle this. But any rational employee knows that she's been called on the carpet. Then some bad things happen to her, and Kugler is instrumental in these things happening. She says, connect the dots, he did this because he was angry, as evidenced by his calling me on the carpet. And, of course, you can say, well, those were entirely independent events. But the argument is that those are not independent events, and she says I should be allowed to go to a jury with that proposition. So I don't see why it's a non-issue. It may be that you think that there's no connection, or that the connection shown is so little, that you should be able to get summary judgment. But as I read the Oregon Supreme Court in Hardy, it says, now this is under Oregon law, on summary judgment, defendant bears the burden to show that there's no genuine issue of material fact. We understand plaintiff's initial crime of facial burden in employment discrimination cases, quote, as being so minimal that it is virtually impervious to a motion based on evidentiary sufficiency. In other words, it sounds like it's a pretty low threshold under Oregon law. I would agree that Hardy Not at trial, but at summary judgment. I would agree that Hardy does establish a fairly low threshold. I would also submit that plaintiff here hasn't even crossed that threshold. There is a difference between inference and speculation. And the — it is true, yes, she was called on the carpet. It is true that afterwards things happened to her job, eventually the job elimination. But the problem is, is it's not — there is a direct line starting in October 2000, and actually the year before that, the year of review of the changes to the court system that led to this eventual elimination of her position. I mean, there are perfectly, you know, plausible explanations that a jury might choose to believe. Right. Well, and here's the reason why it goes beyond just who's more plausible or whether it's an inference and moves into speculation, is that there were so many different people and so many different decisions involved in the changes to plaintiff's job. And the bad things that she claims that happened after the May 7th meeting were not actually done by Mr. Kugler. They — the decisions to eliminate — to first drastically reduce her hours and then eliminate her position totally were made by Chief Elwer and the trial — the court administrator. Her court — court job was changed. And then Chief Elwer — the city manager can say, I had no hand in, for example, the budget proposal that went forward that eliminated the job. Right. Well, and here's — And I think, in fact, it's sheer evidence that he helped put that budget proposal forward. Right. And here's where we get back to what plaintiff's burden was in response to the summary judgment motion. Plaintiff could not simply rely on her — her pleadings. And when we produced evidence saying, this is the sequence of events that led to her job, this is the person that made the decision, Chief Elwer made this decision, Joan Swanson made this decision, the city council made this decision, the plaintiff's responsibility and duty was to come back with specific evidence to demonstrate a genuine dispute as to fact as to those issues. And if her position is that Kugler orchestrated all of this, she needed evidence that Kugler orchestrated all of this. Okay. Unless the court has any other questions. I have one question. It has nothing to do with the case. How did the city get this name, which is so — Philomath? Seems to mean loving math. It's a love — well, granted, I'm not from Oregon, so I always pronounced it Philomath, which is a lover of knowledge. Why the city of Philomath is the city of Philomath, I have no idea. I see. I do know that they do give college scholarships to all their high school students under an endowment, so maybe that's why they are lovers of knowledge. Who knows? Thank you. I'll answer that question first. It is from the Greek, lover of knowledge, and apparently there are not a lot of Greeks in Philomath, so they don't pronounce it that way, but it was the site of the first college in Oregon. I believe it was called Pacific Christian College, but it was a seminary, and the town built up around the institution. In any event, although normally I get asked questions here, I think there's a question that the court might consider in evaluating the two arguments and the two briefs in this case. Would the district court have granted summary judgment if she had not erroneously concluded that Mr. Kugler did not know about the disclosures at the time this sequence of adverse employment actions took place? And if the answer to that is no, then this summary judgment is erroneous. Thank you. Thank both sides for your helpful arguments in this case. I now pronounce the case of Ramsey v. City of Philomath is now submitted for decision. The next case, Tarazas v. Jimenez v. Gonzalez, has been submitted on the briefs. The next case on the day sheet, Anyanwu v. Gonzalez, has been removed to calendar pursuant to a request and stipulation initiated by the government for a remand to the BIA for a remand to a different immigration judge. The next case, which will be argued, is Flores Lopez v. Gonzalez.
judges: Noonan, Tashima, W. Fletcher, Pollak